

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax:    (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SEA WAVE SHIPPING

                Plaintiff,

- against -

DELOVOY MIR LIMITED

                Defendant.

------------------------------------------------------------X

ECF CASE

08 Civ. ____ (____)

**VERIFIED COMPLAINT**

       Plaintiff, SEA WAVE SHIPPING ("Plaintiff"), by its attorneys, LAW OFFICES OF RAHUL WANCHOO, alleges on information and belief as follows:

### JURISDICTION AND VENUE

     1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has jurisdiction over this matter because the action also arises under the convention on the Recognition and Enforcement of Foreign Arbitral Awards,

codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

2. At all material times, Plaintiff was and now is a foreign corporation organized under and existing by virtue of the laws of Lebanon, and is the owner of the M.V. MED WAVE (the "Vessel"), a bulk carrier of about 4016 deadweight tons capacity engaged in the carriage of bulk cargo by water.

3. Upon information and belief, at all material times, Defendant, DELOVOY MIR LTD. ("Defendant") was and now is a foreign corporation organized under and existing by virtue of the laws of the Russian Federation, and was the charterer of the Vessel.

## FACTS GIVING RISE TO CLAIM

4. On or about July 26, 2008, a voyage charter party (the "Charter") was made between Plaintiff, as the owner of the Vessel and Defendant, as charterer whereby Defendant chartered the Vessel for the carriage of up to a full cargo of cement in bags from Alexandria Port, Egypt to Novorossiysk, Russia. The Charter provided that freight was payable by the Defendant to Plaintiff at $22.00 per metric ton FIOS within 3 days of signing the bills of lading. The Vessel loaded a total of about 2,600 bags or about 3910.40 metric tons of cement at Alexandria Port for which the bill of lading was issued and signed on August 4, 2008. On or about August 5, 2008, Plaintiff tendered the Sea Freight invoice in the amount of $83,878.08 to the Defendant.

5. The Vessel arrived at the discharge port, Novorossiysk, Russia at 1400 hours on August 11, 2008. Pursuant to the Charter the freight should have been paid by the Defendant within 3 days after the signing of the bill of lading or latest by August 7, 2008. Despite various reminders from Plaintiff to Defendant, no freight has been

2

received to date, and the Plaintiff has refused to discharge the goods.

6. In addition to the principal amount of freight claim stated above, Plaintiff seeks an attachment of an additional sum to cover damages for detention of the Vessel at the discharge port at the present fair market rate of $5,000 per day. Plaintiff anticipates that the Vessel is likely to be detained for about 20 days. Thus, Plaintiff presently estimates that the detention of the Vessel will result in damages of about $100,000.00.

7. By reasons of the premises, Plaintiff has sustained damages in the amount of $183,878.08 as best as can presently be calculated.

8. The Charter provides that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration in London with English law. On August 15, 2008 Plaintiff pursuant to the terms of the Charter demanded arbitration of its freight dispute with Defendant and has nominated Mr. Michael Baker Harber as arbitrator.

9. In addition to the full principal amount of the freight and detention claim outlined above, Plaintiff also seeks an attachment of an additional sum to cover interest as well as its anticipated attorneys' fees and costs, all of which are recoverable in London arbitration. (*See Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 265 (2d Cir. 2002), where the attachment that the Court of Appeals reinstated covered "an amount that includes interest and anticipated attorneys' and arbitrators' fees.")

10. Plaintiff estimates, as best as can be presently calculated, these additional damages and costs to be $180,781.04, comprised of interest in the sum of $14,710.25 (computed on the principal amount of the freight and detention charges owed of $183,878.08 at a rate of 8% compounded quarterly for a period of 12 months), and $166,070.79 estimated English counsel fees and arbitrators' fees which will be incurred

in conjunction with the London arbitration, and which are recoverable there.

11. Plaintiff's total claim against Defendant for which it seeks security herein is $364,659.12 ($183,878.08 +$14,710.25+ $166,070.79).

12. All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

13. Plaintiff brings this action by seeking an order of seizure of Defendant's goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendant to proceed with arbitration of Plaintiff's claim against Defendant and to retain jurisdiction to enter a judgment upon the arbitration award in the London arbitration.

**WHEREFORE,** the Plaintiff prays the following:

1. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendant, Delovoy Mir Ltd., that it be personally cited to appear and answer the matters set forth above;

2. That if the Defendant cannot be found within this District, then that Defendant's goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $364,659.12, the sum sued for in this Complaint;

3. That the action thereafter be stayed pending the arbitration award and that a judgment be entered upon the award of the aforesaid arbitration for the amount of any recovery by Plaintiff, together with interest, costs and disbursements of this action; and

4. That this Court grant to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
August 21, 2008

LAW OFFICES OF RAHUL WANCHOO
Attorneys for Plaintiff
SEA WAVE SHIPPING

By: *Rahul Wanchoo*
Rahul Wanchoo (RW-8725)

5

## VERIFICATION

STATE OF NEW JERSEY)
:ss.
COUNTY OF BERGEN )

I, Rahul Wanchoo, being duly sworn, deposes and says:

I am an attorney at law and a member of the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiff.

I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

The reason that this verification is made by me and not by Plaintiff is that Plaintiff is a foreign corporation and is not within this District.

*Rahul Wanchoo*

Sworn to and subscribed to
before me this 21st day of August, 2008.

*Michael D. Zeale*
Notary Public

Michael C. Zeale
Notary Public State of New Jersey
My Commission Expires
August 8, 2010